IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cedric N. Pierce,<br><br>        Plaintiff,<br><br>   v.<br><br>J. Ruiz, Badge No. #5143, Chicago Police Officer,<br>S. Whitehead, Badge No. #12097, Chicago Police Officer<br><br>        Defendants. | CASE NO. 13-CV-6824<br><br>JUDGE EDMOND E. CHANG |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO PLAINTIFF'S CLAIM FOR FAILURE TO INTERVENE**

Defendants Julio A. Ruiz and Stephen G. Whitehead ("Defendants") move this Honorable Court for judgment as a matter of law in favor of Defendants on the Plaintiff's claim for "Failure to Intervene."

**Introduction**

Under Rule 50(a), a Court may "enter judgment against a party who has been fully heard on an issue during a jury trial if a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Schandelmeier-Bartels v. Chicago Park Dist.*, 634 F.3d 372, 376 (7th Cir. 2011) (internal citation omitted). This Court should grant judgment as a matter of law in favor of Defendants on the Plaintiff's claim for failure to intervene, because Plaintiff has failed to establish a legally sufficient evidentiary basis for the jury to find in his favor on that issue.

1

Pursuant to Order of Court, Plaintiff was permitted to – at the least – include a jury instruction regarding failure to intervene, and – at the most – he was granted leave under Rule 15(a)(1) to amend his complaint to include a separate claim for failure to intervene. (ECF No. 176.) Though this Court ostensibly granted Plaintiff leave to amend his complaint, Plaintiff has not actually filed a Second Amended Complaint with the Court. Nonetheless, for the purposes of this motion and to preserve the record, Defendants are proceeding as if Plaintiff currently has pending before the Court a separate claim for failure to intervene.

## Discussion

In the present case, Plaintiff Cedric Pierce has alleged that Defendants failed to intervene when the Defendants allegedly lifted Plaintiff off of his feet by his handcuffed hands in a application of excessive force. Plaintiff's testimony on this issue has been inconsistent. At his deposition, Plaintiff testified that he was unable to see behind him and, therefore, could not identify which Defendant Officer placed hands on him. However, during his testimony before the jury, Plaintiff testified to the extent that *both* Defendants allegedly used excessive force on him; namely, that *each* Defendant allegedly grabbed Plaintiff by the wrists, one officer per arm, and proceeded to lift him off the ground. Though Plaintiff maintained that he was unable to see behind him, he testified unequivocally:

"Then he -- then the next things I knew, I
felt **both of their arms** on my -- like around my wrist area,
the handcuffs, and I was off -- I was pulled up off my feet
for like 20, 30 seconds, then **they** put put me back down."

"It was several times that **they** held me up in the air
and let me down."

"They went up hard and -- I had cuffs, they went up
other -- the other happened went across to my wrist, write
there, the other -- the same thing -- **this is what one partner**

2

*was doing, this partner has their arm, the other partner had the same hold on my other arm*, and they picked me up off the ground (indicating)."[1]

Pursuant to Pattern Civil Jury Instruction No. 7.16, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. That Defendant A used excessive force on Plaintiff;

2. That Defendant B knew that Defendant A was actually or was about to use excessive force;

3. That Defendant B had a realistic opportunity to do something to prevent harm from occurring;

4. That Defendant B failed to take reasonable steps to prevent harm from occurring;

5. And that Defendant B's failure to act caused Plaintiff to suffer harm.[2]

*See* Pattern Civil Jury Instruction No. 7.16. It is Plaintiff's burden to prove each and every element of this charge in order for the jury to find in his favor. He has failed to do so.

Though Plaintiff has sufficiently alleged that excessive force occurred, Plaintiff has failed to establish the foundational premise of a failure to intervene claim; namely, that one Defendant committed a constitutional violation while the other Defendant looked on in willful acquiescence. Plaintiff's testimony before the jury is in direct contradiction to that requirement. He testified that, in fact, both of the Defendants allegedly exerted excessive force upon him. That is the only evidence on the issue available to the jury, and it is Defendants' position that no reasonable jury could find that there is a sufficient evidentiary basis in the record for a finding in

---

[1] Defendants, in lieu of paraphrasing, have employed the rough draft of the Court's transcript on October 27, 2016. Emphasis added by Defendants.

[2] There is a potential sixth element, "That Defendant acted under color of law," but this would not be an issue, as the parties have stipulated to this fact.

Plaintiff's favor on this issue. If a plaintiff has failed to establish each element of a failure to intervene claim at the rest of his case, it is appropriate for the Court to grant judgment as a matter of law at this time. *See Fillmore v. Page*, 358 F.3d 496, 505-506 (7th Cir. 2004).

## CONCLUSION

WHEREFORE, Defendants request this Court to enter a directed verdict in favor of Defendants on Plaintiff's claim for failure to intervene.

Date: October 28, 2016

Respectfully submitted,
*/s/ David T. Hartmann*

David T. Hartmann
Assistant Corporation Counsel

City of Chicago Department of Law
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
Telephone: (312) 744-0747
Facsimile: (312) 744-6566
Attorney No.: 6309201