IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cedric N. Pierce,<br><br>      Plaintiff,<br><br>  vs.<br><br>J. Ruiz, Badge No. # 5143, Chicago Police Officer, S. Whitehead, Badge No. # 12097, Chicago Police Officer,<br><br>      Defendants. | CASE NO. 13-CV-6824<br><br>JUDGE EDMOND E. CHANG |

## PLAINTIFF'S RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW

Plaintiff Cedric Pierce, by his attorneys, respectfully requests that this Court grant judgment as a matter of law under Federal Rule of Civil Procedure 50(a) in his favor on the following grounds.

## ARGUMENT

Under Rule 50(a), "if a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue," the Court may resolve that issue against that party and may grant a motion for judgment as a matter of law.

At the close of Defendants' evidence, the jury lacks a legally sufficient evidentiary basis to find in Defendants favor on either of Plaintiff's claims of (1) excessive force and (2) failure to provide medical attention. Specifically:

- **Excessive Force:** The totality of the evidence, including Defendants' testimony that Plaintiff did not meaningfully resist arrest, the unrefuted evidence of Plaintiff's labor-intensive work as a residential contractor in the days just prior to the incident, and medical records reflecting Plaintiff's injury after leaving police custody (whether that injury was

temporary or permanent), shows that whatever force used by Defendants Ruiz and Whitehead on September 19, 2011, was excessive and unreasonable and caused Mr. Pierce harm.

- **Failure to Provide Medical Attention:** Furthermore, the medical records and expert testimony submitted by the close of Defendants' case clearly demonstrate that during the time of his arrest, and thus while he was in the custody of Officer's Ruiz and Whitehead, Plaintiff suffered from a serious and obvious medical need relating to his right shoulder condition. That need went unmet, despite Plaintiff's requests, and despite Defendants' testimony that they could have taken Plaintiff to the hospital without any difficulty or inconvenience. Upon leaving police custody, Plaintiff was taken by ambulance to Stroger Hospital where he was diagnosed with a shoulder strain causing pain and swelling, followed by a diagnosis of decreased range of motion just two days later.

Accordingly, there is an insufficient evidentiary basis for any reasonable juror to find in favor of Defendants on these claims.

## CONCLUSION

For the reasons set forth above and based on the evidence and testimony presented, Plaintiff respectfully requests that the Court grant this motion for judgment as a matter of law in his favor.

Date: October 28, 2016

Respectfully submitted,

By: s/ *Craig C. Martin*

Craig C. Martin
Paul B. Rietema
Maria C. Liu
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on October 28, 2016, a true and correct copy of the foregoing *Plaintiff's Rule 50 Motion for Judgment as a Matter of Law* was electronically filed using the CM/ECF system, which will send notice of such filing to all counsel of record.

*s/Craig C. Martin*